IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JAMES IRVIN, )
Register No. 160386 )
 )
       Plaintiff, )
 )
    v. ) No. 04-4141-CV-C-NKL
 )
DAVE DORMIRE, et al., )
 )
       Defendants. )

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

      On November 29, 2004, defendants filed a motion to dismiss. On December 5, 2004, plaintiff filed suggestions in opposition and on December 15, 2004, defendants filed a reply. On December 29, 2004, and January 13, 2005, plaintiff filed motions for judgment on the pleadings, alleging that defendants' arguments in their motion to dismiss were frivolous and/or moot. Defendants have filed a response arguing the merits of their motion to dismiss. The court will concurrently address plaintiff's motions for judgment on the pleadings with defendants' motion to dismiss.

      Plaintiff was granted leave to proceed in forma pauperis on September 24, 2004, on his claims that defendants violated his equal protection rights when they refused to expunge his conduct violation for gambling, but granted such expungement for a similarly situated Caucasian inmate. Plaintiff's complaint states that on October 19, 2001, he, along with other inmates, received conduct violations for gambling. Plaintiff states that on October 24, 2001, he and another inmate, who was Caucasian, appeared before the disciplinary hearing committee which found them both not guilty. Plaintiff states, however, that, subsequently, on that same date, such findings of not guilty were modified only with regard to him, and he

was subsequently issued sanctions that removed him from Housing Unit 4, removed him from his prison employment position and limited his canteen for three months. Plaintiff's complaint states that defendants' actions of reversing the disciplinary committee's finding of not guilty as to him, but allowing such not guilty finding to stand as to a similiarly situated Caucasian inmate violated his right of equal protection. Plaintiff's complaint states that on December 6, 2001, his conduct violation was recommended expunged and he was subsequently returned to Housing Unit 4 and was given back a job at the furniture factory. However, plaintiff states he lost his premium pay job as a result of the conduct violation sanctions.

Defendants' motion to dismiss argues that plaintiff failed to exhaust his administrative remedies as to his equal protection claim, and moreover, that plaintiff's allegations are insufficient to bring a claim for denial of equal protection in that plaintiff has failed to sufficiently allege that he and the Caucasian inmate were similarly situated. Plaintiff's response to defendants' motion to dismiss argues only that his prison job was taken from him without due process of law. Plaintiff states he has a protected right to his preferred institutional employment.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984); *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993).

To establish a Fourteenth Amendment due process violation, a plaintiff must first demonstrate that he was deprived of life, liberty or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (2003) (citing *Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998); *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997)). Plaintiff's claim that he is being denied a premium pay prison job clearly does not allege a deprivation of life or property; therefore, plaintiff must have a liberty interest in order to sustain a due process claim. *Phillips*, 320 F.3d at 847. The Supreme Court in *Sandin v. Conner*, 515 U.S. 472 (1995), laid out the test for determining liberty interests in a prison setting. *Id.* States may, under certain

circumstances, create liberty interests protected by the Due Process Clause; however, these interests are generally related to freedom from restraint, which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.* Prisoners do not have a constitutional right, and thus no liberty interest, in receiving educational or vocational opportunities during incarceration." *Wishon v. Gammon*, 978 F.2d 446, 449-50 (8th Cir. 1992) (citing *Spencer v. Snell*, 626 F. Supp 1096, 1097 (E.D. Mo.), *aff'd*, 786 F.2d 1171 (8th Cir. 1986)). Therefore, plaintiff's claim that defendants refuse to return him to his previously held preferred prison job fails to allege a liberty interest or constitutional right protected by due process, and plaintiff's allegation fails to state a claim on which relief may be granted.

To the extent plaintiff's original complaint alleges an equal protection claim, the court will address defendants' motion to dismiss regarding such claims. The court notes that plaintiff's response to defendants' motion to dismiss and his motions for judgment on the pleadings fail to address his equal protection claim or the issue of exhaustion.

Defendants first argue that plaintiff has failed to exhaust his administrative remedies with regard to his equal protection claim. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the Missouri Department of Corrections Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims, pursuant to federal law, upon receipt of a grievance appeal response. *See* Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, No. III(M)(11) (Jan. 1, 2004). Furthermore, section 1997e(a) requires that an inmate exhaust all available administrative remedies regarding the allegations in his complaint prior to bringing suit. *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). Finally, when multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims. *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).

3

In the instant case, plaintiff's initial IRR alleged claims of equal protection, but such claims were not raised again by plaintiff in his subsequent grievance and grievance appeals filed. Rather, plaintiff's grievance and grievance appeals sought only restoration of his previous housing unit assignment and job, and sought back-pay for lost wages. Therefore, the court finds plaintiff failed to exhaust his administrative remedies as to his claims of equal protection, and that such claims should be dismissed, without prejudice, for failure to exhaust administrative remedies. Given this court's recommendation that plaintiff's equal protection claims be dismissed for failure to exhaust, the court will not address, at this time, defendants' further arguments for dismissal.

In light of this court's recommendation to grant defendants' motion to dismiss, plaintiff's motions for judgment on the pleadings should also be denied. Plaintiff's motions for judgment on the pleadings appear to have been filed merely for the purpose of challenging defendants' motion to dismiss as frivolous and/or moot.

IT IS, THEREFORE, RECOMMENDED plaintiff's motions for judgment on the pleadings be denied [15, 17]. It is further

RECOMMENDED that defendant's motion to dismiss be granted [12]. It is further

RECOMMENDED that plaintiff's claims challenging his loss of a preferred prison job be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915A. It is further

RECOMMENDED that plaintiff's equal protection claims be dismissed, without prejudice, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 27th day of January, 2005, at Jefferson City, Missouri.


/s/
WILLIAM A. KNOX
United States Magistrate Judge

5