IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JAMES IRVIN,                              )
Register No. 160386                       )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )          No. 04-4141-CV-C-NKL
                                          )
DAVE DORMIRE, et al.,                     )
                                          )
                    Defendants.           )

## ORDER

On January 27, 2005, the United States Magistrate Judge recommended that
plaintiff's motion for judgment on the pleadings be denied; that defendants' motion to
dismiss be granted; that plaintiff's claims challenging his loss of a preferred prison job be
dismissed for failure to state a claim on which relief may be granted; and that plaintiff's
equal protection claims be dismissed, without prejudice, for failure to exhaust administrative
remedies.  The parties were advised they could file written exceptions to the
recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions
filed by plaintiff on March 15, 2005.  The issues raised in plaintiff's exceptions were
adequately addressed in the report and recommendation.  The court is persuaded that the
recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff's motion for judgment on the pleadings appears to merely allege that
defendants' motion to dismiss is frivolous.  Accordingly, such motion is without merit and
plaintiff's motion for judgment on the pleadings is denied.  However, such motion has been
considered by the court in making a determination as to the merits of defendants' motion to
dismiss.

Although plaintiff has clearly exhausted his administrative remedies as to dismissal
and expungement of his conduct violation, and his requests to be returned to his previous
housing, job and pay positions, plaintiff has failed to exhaust his administrative remedies as

to his equal protection claims. Although plaintiff made allegations of equal protection in his initial IRR, he did not address such claims in any manner in his subsequent grievance, grievance appeal, and second grievance appeal. Where multiple prison claims are brought, administrative remedies must have been exhausted as to all claims. *Kozorhorshy v. Hamon*, 332 F.3d 1141, 1143 (8th Cir. 2003) (citing *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam)). In the instant case, plaintiff had the opportunity to continue with his claims of equal protection to administrative exhaustion, via his grievance, grievance appeal, and second grievance appeal, even if defendants did not address such claims in their response to plaintiff's initial IRR. However, plaintiff's grievance, grievance appeal and second grievance appeal failed to subsequently allege or in any way reference his claims of equal protection. Rather plaintiff's subsequent grievance and grievance appeals focused solely on return to his previous housing, job and pay positions. Accordingly, plaintiff failed to exhaust his administrative remedies as to his equal protection claims and such claims are dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e. *See Evans v. Norris*, 49 Fed. Appx. 665, 666, Slip Copy 2002, WL 31432715 *1 (8th Cir. 2002) (unpublished) (prisoner who filed grievances challenging his punitive isolation as violation of his Fourteenth Amendment rights, without mention of such claims as being in violation of his Eighth Amendment rights, failed to exhaust his administrative remedies as to his Eighth Amendment claims, and such claims were properly dismissed for failure to exhaust) (citing *Graves*, 218 F.3d at 885).

Plaintiff is advised that if he refiles this suit after exhausting his administrative remedies, he will be required to pay the full filing fee. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). Installment payments are permitted if plaintiff is granted leave to proceed in forma pauperis.

To the extent plaintiff's claims allege that he has a liberty interest protected by due process in his preferred prison employment and pay, plaintiff's claims are without merit. Prisoners have no constitutional right to educational or vocational opportunities during incarceration. *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) (citing *Spencer v. Snell*, 626 F. Supp 1096, 1097 (E.D. Mo.), *aff'd*, 786 F.2d 1171 (8th Cir. 1986)). Furthermore, plaintiff's complaint fails to make allegations which would even arguably create a liberty

interest in plaintiff's preferred prison employment job of leadman.  The two statutes to which plaintiff refers, Mo. Stat. Rev. §§ 217.255 and 217.260, and the MDOC internal memorandum to which plaintiff refers, *see* Doc. 22, Objections to Report and Recommendation, do not create a liberty or property interest for prisoners in their prison employment.  At most, sections 217.255 and 217.260 arguably create a liberty or property interest for prisoners to be paid for work done in a prison job, but do not create a liberty interest in having a prison job, a particular prison job, or a particular wage for a prison job. Therefore, because plaintiff does not have a liberty or property interest in his preferred prison employment, a denial of such position to plaintiff is not protected by due process, and plaintiff's claims are dismissed for failure to state a claim.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $255.00 appellate filing fee, regardless of the outcome of the appeal.  *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).  The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that plaintiff's motions for judgment on the pleadings are denied [15, 17].  It is further

ORDERED that defendants' motion to dismiss is granted and plaintiff's claims challenging his loss of a preferred prison job are dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915A [12].  It is further

ORDERED that plaintiff's equal protection claims are dismissed, without prejudice, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e.


/s/

NANETTE K. LAUGHREY
United States District Judge

Dated:  April 18, 2005
Jefferson City, Missouri

3